[No. 7,402.—Department One.]

## J. H. THOMPSON v. J. H. MILLER ET AL.

SHERIFF—SURETY—PRIVITY.—In an action against the maker and two indorsers of a promissory note (brought at the written request of the junior indorser), an attachment was issued and placed in the hands of the sheriff, with instructions to levy upon property of the maker and first indorser, but the sheriff failed to make the levy, and thereby the junior indorser was compelled to pay the debt. *Held*, in an action by the latter against the sheriff and his surities, for failure to make the levy, that the sheriff owed no duty to the plaintiff with regard to the attachment, and that the action therefore could not be sustained.

APPEAL from a judgment for the defendant, in the Superior Court of Ventura County. HINES, J.

The complaint, after alleging the official character of the defendent Miller, and the execution of his bond, and the execution of a promissory note by J. H. Kelley to G. Guthrie, and the assignment thereof to the plaintiff, and the assignment thereof by the plaintiff to A. J. Salesbury & Co., proceeds as follows:

"That the plaintiff, as a surety and indorser on said note, in writing requested Salesbury & Co. to bring suit and attach the property of Kelley & Guthrie; that in pursuance of said request suit was commenced and an attachment issued, and placed in the hands of the defendant Miller, as sheriff, on the 22nd day of January, 1879, with instruction to levy upon the property of Kelley & Guthrie; that the writ was received by the sheriff prior to any other attachment or execution, and that Kelley & Guthrie at the time were the owners of certain property, sufficient to satisfy the debt; that the said sheriff did not levy upon the property of Kelley & Guthrie as instructed, but wrongfully and unlawfully neglected to do so, and levied upon them under another attachment subsequently placed in his hands; that by reason of the neglect and refusal of the said sheriff to levy the attachment first mentioned, the plaintiff was compelled to pay the debt; that the said sheriff was informed by Salesbury & Co., when the writ was delivered to him, that the writ of attachment was issued at the request of the plaintiff, and for his benefit and protection, and that the property of Kelley & Guthrie alone was to be levied.

upon, and that he was not to look to or rely upon the property of the plaintiff for the payment of the debt."

*Blackstock & Shepherd*, for Appellant.

The plaintiff had the statutory right to compel, to "require his creditor to proceed against his principal." (Code Civ. Proc. § 2845.) A sheriff is responsible to *every one* who may be injured by his failure to discharge his official duty. (*Whitney* v. *Butterfield*, 13 Cal. 338; *Lick* v. *Madden*, 36 id. 213; Broom's Leg. Max. 195; *Tuttle* v. *Gates*, 24 Maine, 395; *Jordan* v. *Gallup*, 16 Conn. 536; *Boardman* v. *Hayne et al*, 29 Iowa, 346; Crocker on Sheriffs, § 849.)

*J. H. Howard*, and *Williams & Williams*, for Respondent.

Had Salesbury & Co. failed in their collection, through laches of the sheriff, he was responsible to them, but not to Thompson.

By the COURT:

In this action, we cannot see that the defendant owed any duty as sheriff to the plaintiff herein, in regard to the levy of the writ of attachment counted on in the complaint. The demurrer to the complaint was properly sustained, and the judgment is affirmed.